## Commonwealth v. Knecht

*James Narlesky,* for Commonwealth.
*Richard J. Shiroff* and *Philip D. Lauer,* for defendants.

GRIFO, *J.,* January 12, 1981—This matter is before the court for disposition of motions to suppress and an application for production of "Brady material." Testimony thereon was presented on November 5, 1980.

## MOTION TO SUPPRESS

### FINDINGS OF FACT

1. At approximately 11:50 p.m. on May 11, 1980, to investigate an allegedly incendiary fire of an automobile, Detective Fairchild of the Easton Police Department was called to the scene.

2. At the scene, witnesses indicated that they had seen a blue Ford pick-up truck with a white molded cap near the scene at about the time of the fire.

3. Detective Fairchild directed that a description of the vehicle be put out over the air.

4. Some time later Detective Fairchild was informed that such a vehicle had been contacted approximately five blocks away, and that the vehicle was returning to the scene.

5. The vehicle, when it arrived at 12:05 a.m. on May 12, 1980, was operated by defendant Keenhold. Defendant Knecht was a passenger.

6. Detective Fairchild interviewed both defendants and gave appropriate warnings.

7. Defendant Keenhold admitted owning the vehicle.

8. Both defendants denied participation in the fire.

9. After informing defendants of their right to require a search warrant, Detective Fairchild asked permission to search the vehicle in question.

10. Defendant Keenhold gave his consent to the detective to search the vehicle. The search revealed three "quarter-pounder" fire-crackers under the seat of the vehicle.

11. Officer Homoki of the Easton Police Department received a call on May 11, 1980 from the dispatcher giving a description of the vehicle in question.

12. Officer Homoki located the truck in front of the Holiday Tavern in Easton.

13. Officer Homoki located the men near the truck and asked them to identify themselves.

14. Officer Homoki asked defendants to accompany him to the scene, and defendants voluntarily did so.

15. At the scene, the vehicle was identified as having been in the vicinity prior to the alleged criminal conduct.

16. Defendants were arrested on May 29, 1980.

## DISCUSSION

In their omnibus pretrial motions petitioners move the court to order production of "Brady material." Commonwealth's answers to defendants' requests for bill of particulars and pretrial discovery indicate that on July 23, 1980 the Commonwealth was in possession or control of no "Brady material." In Commonwealth's answers to defendants' omnibus pretrial motions, however, the Commonwealth answered the "Brady material" requests with "No answer required." This reply appears to be a recognition that once a request is made, the duty to produce favorable evidence is a continuing one: Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed. 2d 215 (1963). In the interest of resolving any doubt, however, we find it appropriate to grant defendants' application for production of "Brady material."

Defendants move for a suppression of physical evidence discovered under the seat of the vehicle owned by defendant Keenhold. A defendant's consent to a search will replace the need for a warrant only if the consent is given freely and voluntarily: Com. v. Mamon, 449 Pa. 249, 297 A. 2d 471 (1972).

In Com. v. Mamon, supra, appellant was questioned and examined for several hours in the middle of the night by four or five officers and was worried about her son. The court found that the strong possibility existed that her signing a consent form was not the product of her will freely given, but rather the result of her submission to the will of the police: 449 Pa. at 256. In the present case, the totality of circumstances presents a markedly different situation. Defendants were not asked for permission after hours of interrogation in a police station. Rather, consent was sought at the scene but not until defendants were advised of their right to refuse Detective Fairchild's permission to search the vehicle and require his securing a search warrant.

The Commonwealth's burden of proving consent is heightened if the consent is obtained while defendant is in custody: Com. v. Griffin, 232 Pa. Superior Ct. 163, 336 A. 2d 419 (1975). The testimony indicates that Officer Homoki did not stop the vehicle in question. Rather, he came upon the vehicle and located defendants in the immediate vicinity. He requested that defendants accompany him to the scene and defendants voluntarily complied. Although Miranda warnings were given, this fact, standing alone, lacks talismanic significance. See Com. v. Dressner, 232 Pa. Superior Ct. 154, 336 A. 2d 414 (1975).

We do not equate defendants' voluntary appearance at the scene with an arrest. (Compare Com. v. Morton, 475 Pa. 374, 380 A. 2d 769 (1977) (defendant was "in custody" where handcuffed and placed in a police van and brought to the police station).)

Accordingly, the Commonwealth has met its burden that the physical evidence seized from defendant Keenhold's vehicle was obtained pursuant to a valid consent.

Defendants move to suppress identification of the vehicle belonging to defendant Keenhold. Preliminarily, we note that the Commonwealth contends that the motion should be denied and dismissed pursuant to P.R. Crim.P. 307 which requires pretrial motions to be filed within thirty days of arraignment. We reject the Commonwealth's position and consider defendants' amended motion in accordance with Com. v. Povish, 479 Pa. 179, 387 A. 2d 1282 (1978).

After a defendant is in custody, one-on-one identifications of defendant are confrontations which are critical stages requiring that the accused have counsel present: Com. v. Whiting, 439 Pa. 205, 266 A. 2d 738 (1970). As previously noted, we do not consider defendants' voluntary appearance at the scene to be a substantial deprivation of liberty constituting an arrest.

Even assuming, arguendo, that circumstances indicate a post-arrest identification or an unnecessarily suggestive identification (see Com. v. Lee, 262 Pa. Superior Ct. 280, 396 A. 2d 755 (1978)), evidence of the identification of the vehicle should not be suppressed. Defendants admit that a vehicle is not afforded constitutional rights. Defendants nevertheless argue that their rights to have counsel present at a post-arrest identification, or an unnecessarily suggestive identification, should extend to identification of the vehicle. Defendants submit that identification of the vehicle is equivalent to ". . . an identification of the Defendant as would be an identification of his voice, hair, clothing, skin coloring, bodily shape, etc." (Defendants' Pre-Trial Memorandum, p. 9). We do not agree. These listed factors are *part of* the accused. In contradistinction, identification of a vehicle can be,

and in the present case was, a completely separate matter from identification of defendant. Unlike an identification of defendants' voice or skin color, for example, the identification of a vehicle requires neither the presence nor the participation of the accused. The prompt and purposeful investigation of an unsolved crime clearly outweighs the danger of prejudice which might result from identification of the vehicle. See Com. v. Richman, 458 Pa. 167, 320 A. 2d 351 (1974). While identification of the vehicle may have launched an investigation of those who occupied the vehicle at the time of the alleged crime, we cannot equate identification of a vehicle with identification of its occupants or owner.

Finally, defendants move to suppress any post-arrest statements made by defendants. Defendants allege that any statements were obtained in violation of the defendants' privileges against self-incrimination and their Constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Federal Constitution, and applicable provisions of the Pennsylvania Constitution. In light of the Commonwealth's failure to meet its burden of production and burden of proof of evidence relevant to this motion, we are bound to grant defendants' motion in accordance with Com. ex rel. Butler v. Rundle, 429 Pa. 141, 239 A. 2d 426 (1968).

## CONCLUSIONS OF LAW

1. The Commonwealth is under a continuing duty to produce any "Brady material" pursuant to Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed. 2d 215 (1963).

2. The search of defendant Keenhold's vehicle

was consensual and therefore not illegal: Com. v. Mamon, 449 Pa. 249, 297 A. 2d 471 (1972).

3. We are bound to consider defendants' amended motion to suppress identification of vehicle: Com. v. Povish, 479 Pa. 179, 387 A. 2d 1282 (1978).

4. Whatever rights a defendant is afforded in regard to a post-arrest identification, or an unnecessarily suggestive identification, this protection does not apply to identification of defendant's vehicle.

5. Where the Commonwealth fails to meet its burden of proof and burden of production in response to a petitioner's motion to suppress statements, the motion must be granted: Com. ex rel. Butler v. Rundle, 429 Pa. 141, 239 A. 2d 426 (1968).

Wherefore, we enter the following

### ORDER

And now, January 12, 1981, we enter the following:

1. Defendants' application for production of "Brady material" is granted. We order the Commonwealth to permit defendants to inspect and copy all evidence in possession of the Commonwealth or any of its agents, employes, attorneys, or representatives, which is material to the above-captioned case and which may be exculpatory to defendants, or favorable to defendants. This order is deemed to be a continuing order.

2. Defendants' motion to suppress physical evidence obtained as a result of the search and seizure of defendant Keenhold's vehicle is denied and dismissed.

3. Defendants' motion to suppress identification of vehicle is denied and dismissed.

4. Any statements made by defendants at or after the time of arrest on May 29, 1980, and any testimony or comment concerning such statements, and any evidence obtained as a result of such statements, are suppressed.

The clerk of court is directed to impound the record of this proceeding, and this order shall not be disclosed to anyone except to defendants and their counsel. The record shall remain impounded unless the interests of justice require its disclosure.